1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   DAVID M. FURBUSH #83447
2  david.furbush@pillsburylaw.com
   2550 Hanover Street
3  Palo Alto, CA 94304-1115
   Telephone:  (650) 233-4500 / Facsimile:  (650) 233-4545
4
   PILLSBURY WINTHROP SHAW PITTMAN LLP
5  JUSTIN L. BROSSIER #285443
   justin.brossier@pillsburylaw.com
6  ELAINE Y. LEE #293452
   elaine.lee@pillsburylaw.com
7  725 S. Figueroa Street, Suite 2800
   Los Angeles, CA 90017-5406
8  Telephone:  (213) 488-7100 / Facsimile:  (213) 629-1033

9  Attorneys for Petitioner
   CEEG (SHANGHAI) SOLAR SCIENCE & TECHNOLOGY CO., LTD.
10

11
                        UNITED STATES DISTRICT COURT
12
                      CENTRAL DISTRICT OF CALIFORNIA
13
                        WESTERN DIVISION- LOS ANGELES
14

15 | CEEG (SHANGHAI) SOLAR          | Case No. _____
   | SCIENCE & TECHNOLOGY CO.,
16 | LTD.,
17 |           Petitioner,           | PETITION TO CONFIRM
                                     | FOREIGN ARBITRATION
18 |     vs.                         | AWARD
19 | SUNVALLEY SOLAR, INC.,
20 |           Respondent.

706091830v5                       - 1 -

Petitioner CEEG (Shanghai) Solar Science & Technology Co., Ltd. ("Petitioner"), by its undersigned attorneys, states as follows:

## NATURE OF THE PROCEEDING

1. Petitioner brings this Petition for the Court to confirm the Arbitral Award issued by the Shanghai International Economic and Trade Arbitration Commission ("SIETAC") in favor of Petitioner and against Respondent Sunvalley Solar, Inc.'s ("Respondent"), on December 10, 2013.

2. The Court has jurisdiction and authority to enforce the Arbitral Award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), incorporated into the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 201-208.

3. In its December 10, 2013 Arbitral Award, SIETAC awarded the following amounts to Petitioner: (a) $1,000,000.00 plus interest, which SIETAC calculated as RMB 1,132,093.00 as of December 10, 2013; (b) RMB 520,900.00 in loss of currency exchange rate differentials; (c) RMB 185,955.80 in attorneys' fees; and (d) RMB 186,283.00 in arbitration fees. The Respondent was ordered to pay the amounts to Petitioner within thirty days after the award was made. Respondent has failed to make any payments pursuant to the Arbitral Award. A duly certified copy of the Arbitral Award issued by SIETAC on December 10, 2013 is attached as **Exhibit "1"** to the Declaration of David Zhang In Support Of Petition to Confirm Foreign Arbitration Award ("D. Zhang Decl."), filed concurrently herewith, and incorporated herein by reference. Additionally, a certified translation of the SIETAC Arbitral Award is attached to the D. Zhang Decl. as **Exhibit "2."**

4. On January 17, 2013, Respondent filed an action in the Superior Court of California against Petitioner and Defendant China Sunergy (Nanjing) Co., Ltd. ("CSUN"), alleging causes of action for breach of contract,

intentional misrepresentation, negligent misrepresentation, and violation of California Business & Professions Code § 17200 in connection with the sale of Modules pursuant to the Distribution Contract and Sales Contracts "as far back as January 2010." Petitioner and CSUN removed the action to this Court on July 6, 2015 pursuant to 9 U.S.C. § 203. The action was assigned to the Honorable Philip S. Gutierrez, Case Number 2:15-cv-05099-PSG-JPR. Respondent's Motion to Remand and Petitioner and CSUN's Motion to Compel Arbitration are both currently pending before Judge Gutierrez with hearings set for September 21, 2015 and November 2, 2015, respectively.

## THE PARTIES

5. Petitioner is a corporation organized and existing under the laws of China.

6. Respondent is a corporation organized and existing under the laws of the State of Nevada with its principal place of business in Walnut, California.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 9 U.S.C. § 203.

8. Venue is proper in this District pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(a), as Respondent is a resident of this District.

## BACKGROUND

9. Petitioner manufactures crystalline photovoltaic modules ("Modules") for use in solar powered systems and technology.

10. On July 30, 2008, Respondent entered into a Distribution Contract with Petitioner whereby Respondent agreed to purchase Modules from Petitioner. A true and correct copy of the Distribution Contract between Respondent and Petitioner is attached to the D. Zhang Decl. as **Exhibit "5."**

The Distribution Contract set forth the general terms for the manufacture and sale of Modules by Petitioner to Respondent.  By the terms of the Distribution Contract, each transaction would also be subject to the terms of a "specific purchase order," which would set forth the types and quantities of Modules to be sold, along with the applicable specifications, prices, and desired time of delivery.  In case of any "conflict" of terms between the specific purchase order and the Distribution Contract, the Distribution Contract would apply.

11. On October 26, 2010, Respondent and Petitioner entered into Sales Contract No. S69020054, whereby Respondent agreed to pay Petitioner $1,403,200.00 in exchange for Modules.  On November 9, 2010, Respondent and Petitioner entered into Sales Contract No. S69020055, whereby Respondent agreed to pay Petitioner $274,400.00 in exchange for Modules.  True and correct copies of Sales Contracts Nos. S69020054 and S69020055 (collectively, the "Sales Contracts") are attached to the D. Zhang Decl. as **Exhibits "6" and "7."**

12. In addition to the terms of the transaction (a description of goods, quantity of goods sold, price, payment and shipping terms, and other various terms supplemental to the Distribution Contract), both Sales Contracts also included an arbitration clause (the "Arbitration Provision") that states:

> "All disputes in connection with this Contract or the execution thereof shall be settled friendly through negotiations.  In case no settlement can be reached, the case may then be submitted for arbitration to the China International Economic and Trade Arbitration Commission Shanghai Commission in accordance with its arbitration rules.  The arbitration shall take place in Shanghai and the decision of the Commission shall be final and binding upon both parties; neither party shall seek recourse to a law court or other authorities to appeal for revising of the decision.  The arbitration fee shall be borne by the losing party."

13. Pursuant to the Sales Contracts, Petitioner delivered the Modules contracted for and received a total of $677,600.00 in payments from Respondent.

# THE ARBITRATION

14. On March 7, 2013, in accordance with the Arbitration Provision in the Sales Contracts, Petitioner initiated arbitration with SIETAC[1] for Respondent's failure to pay for Modules sold under the Sales Contracts. SIETAC accepted the arbitration on March 20, 2013 and sent the Notice of Acceptance/Arbitration, Arbitration Rules, and Roster of Arbitrators, along with Petitioner's application for arbitration and other materials submitted by Petitioner to Respondent. SIETAC assigned case number SG2013015 to the arbitration.

15. As stated by SIETAC in the Arbitral Award, on April 11, 2013, Mr. Bin Li, corporate counsel for Respondent, confirmed via e-mail that Respondent received the arbitration documents sent by SIETAC. Respondent also applied to suspend the arbitration or extend the deadline for responding. Petitioner opposed Respondent's application and Respondent did not submit a reply.

16. Following this exchange, SIETAC proceeded with selection of the arbitrators. Petitioner selected an arbitrator but Respondent did not. Petitioner and Respondent did not agree on selection of a chief arbitrator so SIETAC made an appointment. The arbitration tribunal was finalized on July 19, 2013 and SIETAC notified both Petitioner and Respondent.

17. The arbitration began on August 20, 2013 in Shanghai. Even though Respondent was duly notified of the start date and place, it failed to appear. Therefore, according to the SIETAC Arbitration Rules, the tribunal heard the case "by default." The tribunal heard Petitioner's case, evaluated the

---

[1] SIETAC, which is also known as Shanghai International Arbitration Center, was formerly known as China International Economic and Trade Arbitration Commission Shanghai Commission. *See Shanghai International Economic and Trade Arbitration Commission (Shanghai International Arbitration Center) Arbitration Rules (Effective as from May 1, 2013)*, Art. 2, ¶ 1, http://www.shiac.org/upload/day_130407/201304071023539471.pdf.

evidence before it, which consisted of the Sales Contracts, the relevant Bills of Lading, Packing Lists, Cargo Transportation Certificates, Invoices, and receipts, and conducted its inquiry and investigation. The Evidence List submitted by Petitioner to SIETAC in support of its case against Respondent is attached as **Exhibit "4"** to the D. Zhang Decl. After the trial, SIETAC sent another notice to Respondent, informing it of the hearing by default and offering it another opportunity to submit a defense or cross-examine the evidence. Respondent again failed to respond.

18. The SIETAC arbitration tribunal issued the Arbitral Award on December 10, 2013. Respondent has not made any payments pursuant to the Arbitral Award.

## PETITION TO CONFIRM FOREIGN ARBITRATION AWARD

19. The Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), incorporated into the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208, governs this case. Under 9 U.S.C. § 207,

> "Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The *court shall confirm the award* unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." (emphasis added).

20. A court has jurisdiction under the Convention when an action or proceeding "falls under" the Convention. 9 U.S.C. § 203. An action falls under the Convention when the following four factors are met: (1) there is an agreement in writing; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or

706091830v5 - 6 -

PETITION TO CONFIRM FOREIGN ARBITRATION AWARD

that the commercial relationship has some reasonable relation with one or more foreign states.  9 U.S.C. §§ 202; *Balen v. Holland America Line Inc.*, 583 F.3d 647, 654-55 (9th Cir. 2009).

21.   If a court has jurisdiction under the Convention, it must confirm an arbitration award unless it determines that one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the Convention applies.  *Polimaster Ltd. v. RAE Systems, Inc.*, 623 F.3d 832, 835-36 (9th Cir. 2010); 9 U.S.C. § 207.  The grounds for refusal or deferral under the Convention are: (1) the parties to the agreement were under some incapacity or the agreement is not valid under the laws the parties have subjected it to; (2) the party against whom the award was invoked did not receive proper notice; (3) the award contains decisions on matters outside the scope of the arbitration agreement; (4) the composition of the arbitral authority was not in line with the agreement of the parties or was not in line with the law under which the award was made; and (5) the award is not binding on the parties, or it has been set aside by a competent authority in the country where it was made.  21 U.S.T. 2517, Art. V. §§ 1(a)-(c).

22.   The party opposing the confirmation of the arbitration award bears the "heavy burden" of showing that a ground for refusal or deferral applies.  *CEEG (Shanghai) Solar Science & Technology Co., Ltd. v. Lumos LLC*, Case No. 14-cv-03118-WYD-MEH, 2015 WL 3457853, *4 (D. Colo. May 29, 2015).

23.   Here, all four of the above-mentioned factors are met and the Arbitration Provision "falls under" the Convention.  First, there is a written arbitration agreement in the written Sales Contracts supplementing the Distribution Contract between Petitioner and Respondent.  The Arbitration Provision applies to "all disputes in connection with [the Sales Contract] or the

execution thereof" and therefore encompasses Petitioner's claims against Respondent. Second, the Sales Contracts provide for arbitration in China, a signatory of the Convention. Third, the Sales Contracts arose out of a legal, commercial relationship between Petitioner and Respondent wherein the parties contracted for the manufacture and sale of Modules. Fourth, Petitioner is not an American citizen. Because the four factors are met, this Court has jurisdiction under the Convention and must enforce the Arbitral Award.

24. In compliance with 9 U.S.C. § 207, this Petition is brought within three years after the Arbitral Award was made on December 10, 2013.

25. None of the enumerated grounds for refusal or deferral apply in this case. There is no evidence of any incapacity of the parties or invalidity of the arbitration agreement. Throughout the SIETAC arbitration proceeding, Respondent received multiple notices pursuant to the SIETAC Arbitration Rules. *See* China International Economic and Trade Arbitration Commission Shanghai Commission Arbitration Rules (Effective as from May 1, 2012).[2] Respondent confirmed that it was adequately notified by responding and engaging in the arbitration. Because the Arbitration Provision in the Sales Contracts governs "all disputes in connection with [the Sales Contracts] or the execution thereof," the Arbitral Award does not contain decisions outside of the scope of the agreement. The composition of the arbitral tribunal was finalized in accordance with SIETAC Arbitration Rules and both parties had opportunity for input. Lastly, the Arbitral Award is binding on the parties per the terms of the Arbitration Provision and it has not been set aside by any authority.

26. Because no ground for refusal or deferral applies, 9 U.S.C. § 207 mandates that this Court confirm the Arbitral Award.

---

[2] http://www.shiac.org/upload/day_130413/201304130221249912.pdf

**WHEREFORE**, Petitioner petitions this Court for an order:

A.    Confirming the Arbitral Award issued by SIETAC on December 10, 2013 against Respondent;

B.    Awarding the Petitioner damages in the following amounts:

(i)    $1,000,000.00, representing the principal amount awarded to Petitioner under the Arbitral Award, plus interest awarded by SIETAC, RMB 1,132,093.00 as of December 10, 2013, and interest in the amount of RMB 808,776.98, calculated at the applicable rate under the Arbitral Award from December 10, 2013 through the date of the filing of this petition;

(ii)    RMB 520,900.00, representing the currency exchange loss awarded to Petitioner under the Arbitral Award;

(iii)    RMB 185,955.80, representing the attorneys' fees awarded to Petitioner under the Arbitral Award; and

(iv)    RMB 186,283.00 representing the arbitration fees awarded to Petitioner under the Arbitral Award;

C.    Awarding Petitioner post-judgment interest, pursuant to 28 U.S.C. § 1961, that may become due and owing to Petitioner from Respondent after this Petition has been granted and judgment has been entered in this case; and

D.    Awarding Petitioner such other and further relief as may be just, proper, necessary, and in conformity with the Arbitral Award.

Dated: September 18, 2015

                                    PILLSBURY WINTHROP SHAW PITTMAN LLP


                                    By:      */s/ Justin L. Brossier*
                                        Justin L. Brossier
                                      Attorneys for Petitioner
                        CEEG (SHANGHAI) SOLAR SCIENCE & TECHNOLOGY CO., LTD.